UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALI KANONGATAA,<br><br>         Plaintiff,<br><br> - against -<br><br>IHEARTMEDIA, INC.<br><br>         Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Kali Kanongataa ("Kali" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant IHeartMedia, Inc. ("IHeart" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant unauthorized reproduction and public display of a video of Facebook's First Live Birth, owned and registered by Kali. Accordingly, Kali seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Kali is the owner of the Polynesian Cultural Exchange which is a non-profit organization that helps those of Pacific Islander decent utilize their talents with leaders in creating avenues to educate, promote and advance cultural competency. Kali has a place of business at 1495 Silver Avenue, San Francisco, CA 94134.

6. Upon information and belief, IHeart is a corporation duly organized and existing under the laws of the State of the Delaware, with a place of business at 32 Avenue of the Americas, New York, New York 10013. At all times material hereto, IHeart has owned and operated the websites at the URL: www.Radio951.Iheart.com, www.Iheart.com, and ElvisDuran.Iheart.com (the "Websites").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Video

7. On or about May 16, 2016, Kali videotaped his partner giving birth and broadcasted it on his Facebook page (the "Video").

8. Kali is the author of the Video and has at all times been the sole owner of all right, title and interest in and to the Video, including the copyright thereto.

9. The Video was registered with United States Copyright Office and was given Copyright Registration Number PA 1-995-583.

### B. Defendant Infringing Activities

10. Upon information and belief, on or about May 19, 2016, IHeart ran an article on the Website entitled *Man Uses Facebook To Live Stream Wife Giving Birth*. See

http://radio951.iheart.com/onair/deanna-king-57037/man-uses-facebook-to-live-stream-14729651/. The article prominently featured a screen shot of the Video and the Video.

11. Upon information and belief, IHeart ran another article on the Website entitled *THE GIRL REPORT: Woman Gives Birth LIVE on Facebook.* The article prominently featured the Video. See (http://elvisduran.iheart.com/articles/what-we-talked-about-136656/the-girl-report-woman-gives-birth-14720706/).

12. Upon information and belief, IHeart ran another article on the Website entitled *Carmichael Man Live Stream Babys Birth.* The article prominently featured the Video. See http://www.iheart.com/news/carmichael-man-live-streams-babys-birth-14725232/)

13. A true and correct copy of the articles are attached hereto as Exhibit A.

14. IHeart did not license the Video from Plaintiff for use on its Websites nor did IHeart have Plaintiff's permission or consent to publish the Video on Websites.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST IHEART)**
**(17 U.S.C. §§ 106, 501)**

15. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16. Defendant infringed Plaintiff's copyright in the Video by reproducing and publicly displaying the the Video on the Websites. Defendant is not, and have never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Video.

17. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant profits pursuant to 17 U.S.C. § 504(b) for the infringement.

20. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant willful infringement of the Video, pursuant to 17 U.S.C. § 504(c).

21. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

22. Defendant conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant be adjudged to have infringed upon Plaintiff's copyright in the Video in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert or participation with Defendant, be enjoined from copying, reproducing,

distributing, adapting, or publicly displaying Plaintiff's Video, pursuant to 17 U.S.C. § 502.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant profits, gains or advantages of any kind attributable to Defendant infringement of Plaintiff's Video; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
      September 25, 2016

                              LIEBOWITZ LAW FIRM, PLLC

                              By: /s/ Richard Liebowitz
                                    Richard P. Liebowitz
                              11 Sunrise Plaza, Suite 305
                              Valley Stream, NY 11580
                              Tel: (516) 233-1660
                              RL@LiebowitzLawFirm.com

                              *Attorneys for Plaintiff Kali Kanongataa*